# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION et al., : | |
| : | |
| Plaintiffs, : | |
| : | **Civil Action No.** |
| v. : | **5:06-cv-322 (HL)** |
| : | |
| VICKY ROLLINS, : | |
| : | |
| Defendant. : | |

## ORDER

The parties in this case have filed a document styled as a "Stipulation to Judgment and Permanent Injunction" (Doc. 9) with a "Proposed Judgment and Permanent Injunction Based on Stipulation" attached. For the following reasons, the Court construes the Stipulation as a Joint Motion to Dismiss pursuant to Rule 41(a)(2) and denies the Motion.

Rule 41 of the Federal Rules of Civil Procedure specifies the procedure in which actions are dismissed. The various options include voluntary dismissal by a plaintiff, voluntary dismissal by stipulation, and voluntary dismissal by order of court. See Fed. R. Civ. P. 41. According to Rule 41(a)(1), "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." Fed. R. Civ. P. 41(a)(1). In addition, an action can also be "dismissed at the plaintiff's instance

. . . upon order of the court and upon such terms and conditions as the court deems proper."
Fed. R. Civ. P. 41(a)(2). Furthermore, "the decision whether or not to grant [a voluntary] dismissal is within the sound discretion of the district court . . .." <u>Fisher v. Puerto Rico Marine Management, Inc.</u>, 940 F.2d 1502, 1503 (11th Cir. 1991) (citing <u>LeCompte v. Mr. Chip, Inc.</u>, 528 F.2d 601, 604 (5th Cir. 1976)).[1]

Voluntary dismissals filed pursuant to either method provided for in Rule 41(a)(1) allow the parties to bypass the court and effectuate dismissals without a court order. "A dismissal by stipulation is not a unilateral act on the part of the plaintiff but rather is a mutual agreement by all the parties." <u>Poloron Prod., Inc. v. Lybrand Ross Bros. & Montgomery</u>, 534 F.2d 1012, 1017 (2d Cir. 1976). Therefore, a properly-filed stipulation of dismissal is effective automatically and does not require judicial approval. <u>See</u> <u>Hester Indus., Inc. v. Tyson Foods, Inc.</u>, 160 F.3d 911, 916 (2d Cir. 1998). Moreover, because a dismissal by stipulation necessarily bypasses the court, a dismissal by stipulation does not act as an agreement between the parties and the court and cannot automatically confer jurisdiction on the court to resolve later disputes. <u>See</u> <u>Kokkoken v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 114 S. Ct. 1673 (1994).

Although no procedural vehicle is identified in the Stipulation or Proposed Order, it appears the parties are attempting proceeding under Rule 41. The parties have filed a

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. <u>Bonner v. City of Pritchard</u>, 661 F.2d 1206, 1207 (11th Cir. 1981).

Stipulation signed by all parties who have appeared in the action; however, the Stipulation explicitly provides "[t]he Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction." Because the parties cannot stipulate to the Court's retention of jurisdiction, the Court construes the parties Stipulation as a Joint Motion to Dismiss pursuant to Rule 41(a)(2).

The Joint Motion to Dismiss indicates that the parties have agreed to settle this matter and asks that the Court retain jurisdiction for the limited purpose of enforcing the terms and conditions of the settlement. However, the parties do not explain why the Court should retain jurisdiction in this case or indicate the length of time that the settlement would remain in place. In the absence of any justification for requesting that the Court retain jurisdiction of the case, the Court declines to do so. Accordingly, the Joint Motion to Dismiss is denied. The parties remain at liberty to voluntarily dismiss the case in accordance with Rule 41.

**SO ORDERED**, this the 23rd day of April, 2007.

**/s/ Hugh Lawson**
**HUGH LAWSON, Judge**

scs